United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30592
Conference Calendar

_____

DANIEL MAGEE,

                                    Plaintiff-Appellant,

versus

TIM WILKINSON; NICOLE
SCOTT; ROGERS,

                                    Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:02-CV-2364-FAL-JDK
---------------------

Before BARKSDALE, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Daniel Magee, Louisiana state prisoner # 405200, appeals
the district court's dismissal of his 42 U.S.C. § 1983 complaint
for failure to state a claim upon which relief may be granted.
Magee argues that prison officer Powe interfered with his
constitutional right of access to the courts by failing to timely
mail his state postconviction application.

     Magee's arguments on appeal address only Powe's alleged
violation of Magee's right of access to the courts.  Magee has

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not addressed the district court's denial of his motion to amend his complaint to add Powe as a defendant.  Thus, he has abandoned any challenge to that ruling on appeal.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Because Powe was not a defendant in the suit, Magee's arguments regarding Powe's denial of his rights are not relevant to the disposition of this appeal. The district court did not err in determining that Magee's complaint failed to state a claim upon which relief could be granted.

Magee's appeal is without arguable merit and is thus DISMISSED as frivolous.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

The district court's dismissal of Magee's complaint for failure to state a claim and the dismissal of the instant appeal as frivolous count as two strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Magee is cautioned that once he accumulates three strikes, he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

Magee's motion for an appointment of counsel on appeal is DENIED.

APPEAL DISMISSED; SANCTION WARNING ISSUED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.